[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 97-5197

———————————————

D. C. Docket No. 97-45-CR-KMM

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
1/29/99
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN CLAVIJO,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

(January 29, 1999)

Before TJOFLAT and EDMONDSON, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

**PER CURIAM:**

This appeal is about sentencing. Defendant, Esteban Clavijo, appeals the district court's denial of U.S.S.G. § 5C1.2 safety-valve relief and imposition of a mandatory minimum five-year sentence for Clavijo's drug offense involving over 100 plants of marijuana. Because the district court erred in its reading of the Sentencing Guidelines, we vacate the sentence and remand.

## Background

Esteban Clavijo, pursuant to an agreement with the Government, pled guilty to conspiracy to possess with intent to distribute marijuana under 21 U.S.C. § 846 and possession with intent to distribute marijuana under 21 U.S.C. § 841(a)(1). His base offense level was established at 18. Two points were

added under U.S.S.G. § 2D1.1(b)(1) because Clavijo had worked in two of three marijuana grow houses and a shotgun--belonging to a co-conspirator--was found in the third grow house.  Although Clavijo had no knowledge of the firearm, he had nonetheless <u>possessed</u> a firearm under the broad language of section 2D1.1(b)(1).[1]  Clavijo was also awarded a three-point reduction because he timely accepted responsibility for the crime.  His total offense level then was 17 and, with no prior convictions, should have produced a sentence of 24-30 months.  But, because Clavijo's offense involved over 100 plants of marijuana, he was subject to a five-year mandatory minimum statutory sentence, <u>see</u> 21 U.S.C. § 841(b)(1)(B)(vii); U.S.S.G. § 5G1.1(b), unless he met the safety-valve requirements of section 5C1.2.

In preparing the Presentence Investigation Report, the

---

[1]U.S.S.G. § 2D1.1(b)(1) applies when "the weapon [is] present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1(b)(1), comment. (n.3).

probation officer concluded that, because Clavijo had received a two-level adjustment for possession of a firearm pursuant to section 2D1.1(b)(1), he was precluded from the safety-valve relief of section 5C1.2. Both the Government and Clavijo disagreed. Over objections by Clavijo, the sentencing court agreed with the probation officer and ruled the safety-valve provision inapplicable:

> [Clavijo] has two problems. One, he doesn't meet the [safety-valve] criteria because the possession of a firearm is attributed to him. Secondly, in order to get the safety valve, he has to be [above offense level] 26.[2] So there are two grounds that he was not . . . eligible for it. That's my reading of it.

The court sentenced Clavijo to the mandatory minimum 60 months in prison, followed by four years of supervised release.

## Discussion

---

[2]While the court actually said "under 26," we think the context, statute, and parties' arguments indicate that the court meant to say "above 26."

4

The application of the federal sentencing guidelines to uncontroverted facts is a legal issue to be reviewed de novo. See United States v. Antonietti, 86 F.3d 206, 208 (11th Cir. 1996).

Clavijo is entitled to safety-valve relief even though his co-defendant possessed a firearm. As an initial matter, 21 U.S.C. § 841(b)(1)(B)(vii) provides a mandatory five-year minimum sentence for section 841(a) drug offenses involving over 100 kilograms or 100 plants of marijuana. Also, U.S.S.G. § 5G1.1(b) states that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." But, the safety-valve provision of the sentencing guidelines (section 5C1.2) states that for offenses "under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence . . .

[provided] the defendant meets the [five] criteria . . . set forth verbatim below." These are the five guideline criteria: (1) defendant does not have more than one criminal history point; (2) defendant did not use violence or possess a firearm or induce another to possess; (3) offense did not result in death or serious bodily injury; (4) defendant was not an organizer or leader of the offense; (5) defendant has complied with the Government's demands for information. See U.S.S.G. § 5C1.2.

Here, only the second element is in dispute. Two reasons compel our conclusion that "possession" of a firearm does not include reasonably foreseeable possession of a firearm by co-conspirators. First, the commentary to the pertinent section adds that "[c]onsistent with § 1B1.3 (Relevant Conduct), the term 'defendant,' as used in subdivision (2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced,

6

procured, or willfully caused." U.S.S.G. § 5C1.2, comment. (n.4).[3] This commentary, which tracks the language of section 1B1.3(a)(1)(A), implicitly rejects the language of section 1B1.3(a)(1)(B) which holds defendants responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." It is this "reasonably foreseeable" language that allows a defendant to be held responsible for a firearm under section 2D1.1(b)(1) even when he physically possessed no firearm.

Second, the plain language of section 5C1.2 requires that the defendant "possess a firearm . . . or induce another participant to do so . . . ." If "possession" in section 5C1.2 encompassed constructive possession by a co-defendant, then "induce another participant to [possess]" would be unnecessary. Mere possession by a co-defendant, therefore,

_____

[3]Section 1B1.3(a)(1)(A) holds a defendant responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant;"

while sufficient to trigger section 2D1.1(b)(1), is insufficient to knock a defendant out of the safety-valve protections of section 5C1.2.[4]

For the purposes of section 5C1.2(2), Clavijo neither possessed a weapon nor induced another participant to do so. The district court erred in its assumption that, because the co-defendant's firearm was attributed to Clavijo under section 2D1.1(b)(1), it necessarily follows that the same firearm would be attributed to Clavijo under section 5C1.2(2).

On the question of Defendant's offense level, the district court erred in holding that, because Clavijo's offense level was below 26, he was precluded from relief. Section 2D1.1(b)(6) provides additional relief--in the form of a two point reduction

---

[4]While we have never directly addressed this issue, the Fourth, Fifth, and District of Columbia Circuits have all concluded that a defendant is not precluded from safety-valve relief merely because a co-defendant possessed a weapon. See United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997); In re Sealed Case (Sentencing Guidelines' "Safety Valve"), 105 F.3d 1460, 1462-63 (D.C. Cir. 1997); United States v. Wilson, 105 F.3d 219, 222 (5th Cir.), cert. denied, 118 S. Ct. 133 (1997). Only the Tenth Circuit has reached the opposite conclusion. See United States v. Hallum, 103 F.3d 87, 89-90 (10th Cir. 1996) (holding that defendant is responsible for reasonably foreseeable acts of others in joint criminal activity).

in the offense level--if the section 5C1.2(2) statutory criteria are met and if the defendant's offense level is 26 or greater.  Even if a defendant's offense level is under 26, however, he is still entitled to the safety-valve protection.  He just does not get, (nor does Clavijo claim he gets), the additional two-point reduction.  The safety valve -- section 5C1.2(2) -- makes no reference to offense levels or point reductions.  Clavijo's offense level of 17 is therefore immaterial.

We must vacate the sentence and remand for re-sentencing.

**VACATED AND REMANDED.**