# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHIRLEY SCOTT HUNT, a/k/a Shirley
Marie Scott,

*Defendant-Appellant.*

No. 02-4585

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-431)

Submitted: January 28, 2003

Decided: March 3, 2003

Before MICHAEL and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bruce T. Cunningham, Jr., CUNNINGHAM, DEDMOND, PETER-
SEN & SMITH, L.L.P., Southern Pines, North Carolina, for Appel-
lant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Shirley Scott Hunt pled guilty to attempting to possess with intent to distribute three kilograms of cocaine, 21 U.S.C. § 841(a), (b)(1)(B) (2000). She was sentenced to a term of fifty-seven months imprisonment. Hunt appeals her sentence, contending that the district court's application of a two-level weapon enhancement, *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001), together with the safety valve provisions, USSG §§ 2D1.1(b)(6), 5C1.2, violated the rule of lenity. We affirm.

Hunt and two co-defendants were arrested as they attempted to buy three kilograms of cocaine for $40,000 from an undercover officer. One of Hunt's co-defendants was carrying two concealed firearms. In connection with her sentencing, Hunt stated that she had not known that the firearms were present. Nevertheless, she received a weapon enhancement on the ground that it was reasonably foreseeable that her co-defendant might have a weapon. *See United States v. Kimberlin*, 18 F.3d 1156, 1160-61 (4th Cir. 1994) (applying USSG § 1B1.3(a)(2)). Hunt also received a two-level reduction in her offense level under the safety valve provision, USSG § 2D1.1(b)(6), which is available to a defendant who meets the five criteria set out in USSG § 5C1.2. The second § 5C1.2 criterion is that the defendant not have possessed a firearm or other dangerous weapon in connection with the offense, or induced any participant to do so.

Hunt contends that § 2D1.1 is ambiguous in permitting the weapon enhancement for a defendant who qualifies for the safety valve reduction. The rule of lenity requires courts to construe ambiguous criminal statutes against the government and in favor of the defendant. *United States v. Photogrammetric Servs., Inc.*, 259 F.3d 229, 249 (4th Cir. 2001), *cert. denied*, 122 S. Ct. 1295 (2002). Because the issue raised is one of legal interpretation of the guidelines, the standard of review

is de novo. *United States v. Kinter*, 235 F.3d 192, 195 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

The § 2D1.1(b)(1) weapon enhancement is determined by relevant conduct as defined by § 1B1.3, which includes "all reasonably foreseeable acts . . . of others in furtherance of [a] jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). The enhancement may be applied when the defendant did not know about or participate in a co-defendant's weapon possession, as long as the possession was foreseeable. By contrast, we have held that a defendant may qualify for the safety valve reduction even if a co-defendant possessed a firearm, unless the defendant was personally involved in the co-defendant's action. *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997) (holding that "for purposes of § 5C1.2(2), the term 'defendant' 'limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused'"); *accord United States v. Pena-Sarabia*, 297 F.3d 983, 987-89 (10th Cir. 2002); *United States v. Clavijo*, 165 F.3d 1341, 1343 (11th Cir. 1999); *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir. 1997); *In re Sealed Case*, 105 F.3d 1460, 1461-65 (D.C. Cir. 1997). Thus, the safety valve reduction is allowed when a co-defendant's firearm possession was foreseeable by the defendant, but the foreseeability factor may nevertheless bring about the enhancement. Section 2D1.1 is not ambiguous. We conclude that the district court did not err in determining that the rule of lenity did not apply, and interpreted § 2D1.1 and § 5C1.2 correctly.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*