[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15453
Non-Argument Calendar

_____

D. C. Docket No. 07-00158-CR-TCB-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN R. HOLLANDER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 23, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Steven R. Hollander appeals his sentence of 46 months' imprisonment for

conspiracy to possess with intent to distribute Schedule III and IV controlled substances, under 21 U.S.C. §§ 841(b)(1)(D), 846, and 18 U.S.C. § 2.  Hollander raises several arguments on appeal.  For the reasons set forth below, we affirm.

## I.

Hollander first argues that the government should not have been permitted to argue at sentencing that his sentence could be enhanced based on guns that his co-conspirators possessed.  His reasoning is that the government waived the argument because it did not object to the PSI's exclusive reliance on the gun that Hollander surrendered to probation as the basis for the gun enhancement.  In support of his argument, Hollander notes that Fed. R. Crim. P 32(f) requires parties to object to the PSI within 14 days of receiving it.

"We review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear error, and the application of the Sentencing Guidelines to those facts *de novo*."  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam) (internal quotation marks omitted).

We reject Hollander's waiver argument because district courts are not bound to apply the Guidelines in the manner proposed in the PSI.  *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990) (explaining that the PSI addendum does not limit the objections cognizable on appeal because, *inter alia*, the district court is

2

not bound by the factual findings or Guidelines application contained in the PSI), *overruled in part on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (per curiam). Additionally, while district courts are not required to consider the merits of objections to the PSI or motions for downward departure that were not timely raised, *United States v. Quintana*, 300 F.3d 1227, 1230 (11th Cir. 2002), they are not precluded from doing so by any statute or precedent. Furthermore, the factual basis for the enhancement, i.e. the co-conspirators' gun possession, was included in the PSI. Accordingly, because the district court was free to apply the Guidelines based on the undisputed facts in the PSI, there was no error, and Hollander's waiver argument fails.

II.

Hollander further argues that the possession of guns by his co-conspirators was unforeseeable to him because there was no evidence that (1) he had ever been in Florida or had knowledge of the manner in which the drugs were distributed; (2) he had ever met Julio Jelves; or (3) there were conversations involving guns or protection. Additionally, Hollander argues the conspiracy was not a typical drug conspiracy because it did not involve the transportation or storage of large quantities of street drugs.

"The § 2D1.1(b)(1) enhancement may be applied when the firearm is

3

possessed by a co-conspirator." *Pham*, 463 F.3d at 1245. "The enhancement applies to a co-conspirator when the government establishes by a preponderance of the evidence that (1) the possessor of the firearm was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." *Id.* (internal quotation marks omitted). Hollander does not challenge the district court's finding with respect to the first three elements. Hollander is arguing that, given the nature of the conspiracy, possession of guns by his co-conspirators was not foreseeable.

"This court has held that 'protestations that [the defendants] were in fact unaware of the firearm possession [of a co-conspirator] do[es] not upset the district court's finding that the possession of the firearm was reasonably foreseeable." *United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994) (alterations in original) (internal quotation marks omitted). Furthermore, we have found it reasonably foreseeable that a co-conspirator would carry a firearm while transporting thirteen kilograms of cocaine. *United States v. Freyre-Lazaro*, 3 F.3d 1496, 1506 (11th Cir. 1993). In *Pham*, where the drug conspiracy involved more than 70,000 MDMA ("ecstasy") pills, as well as more than 5 kilograms of cocaine, we stated that the district court did not clearly err in finding that a co-conspirator's

4

gun possession was reasonably foreseeable because of the "vastness of the conspiracy and the large amount of drugs and money being exchanged." *Pham*, 463 F.3d at 1246 .

We conclude that the district court did not clearly err by finding that the possession of a firearm was foreseeable because the quantity of drugs was the Guidelines-equivalent of 59.99 kilograms of marijuana and the foreseeability of a co-conspirator possessing a firearm can be based on the quantity of drugs involved. *See Pessefall*, 27 F.3d at 515. While this case did not involve street drugs, the district court specifically found that the quantity of illegal drugs involved in the conspiracy here was "breath-taking." Accordingly the district court did not err in applying the firearm enhancement.

## III.

Hollander next argues that the district court erred by denying safety-valve relief based on his co-conspirators' possession of firearms. He bases his argument on our decision in *United States v. Clavijo*, 165 F.3d 1341, 1343-44 (11th Cir. 1999) (per curiam), that "possession" of a firearm within the meaning of the safety-valve provision of U.S.S.G. § 5C1.2(a)(2), does not include possession of a firearm by a co-conspirator. Hollander concedes that resentencing is not necessary when a district court incorrectly calculates the Guidelines but would have imposed the

same sentence if its calculation had been correct. Hollander argues, however, that the resulting sentencing must still be substantively reasonable, and his was not.

The Sentencing Guidelines provide for a two-level reduction in the offense level for certain drug-related crimes if the defendant meets five criteria as set forth in U.S.S.G. § 5C1.2. The defendant must show: (1) he does not have more than one criminal history point; (2) he did not use violence or possess a firearm or other dangerous weapon during the offense; (3) death or serious bodily injury did not occur to any person as a result of the offense; (4) he was not an "organizer, leader, manager, or supervisor of others in the offense" and was not engaged in a continuing criminal enterprise; and (5) he truthfully provided the government with all information and evidence he has concerning the offense. 18 U.S.C. 3553(f); U.S.S.G. § 5C1.2(a).

The district court erred in determining that Hollander was ineligible for safety-valve relief solely based on its finding that he reasonably foresaw possession of a firearm during the offense. We can affirm a sentence based on an incorrect Guidelines calculation, however, where the district court has made it clear that, even if its Guidelines interpretation was incorrect, it would have imposed the same sentence in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006) (stating that it is unnecessary to

6

even decide a disputed enhancement issue where it will not affect the outcome of the case). Still, the sentence must be reasonable under § 3553(a). *Id.* at 1349.

Because (1) the district court stated that it would have imposed a sentence of 46 months' imprisonment even if it had incorrectly calculated the Guidelines,[1] and (2) the court adequately explained the reasons for its sentence in reference to § 3553(a) factors, we affirm. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*.").

**AFFIRMED.**

---

[1] The district court did not specifically state that it would have imposed the same sentence if it was wrong about the safety-valve determination. Instead, it stated that it would have imposed the same sentence even if it had incorrectly applied the gun enhancement. Nevertheless, because the denial of safety-valve relief was premised on the gun enhancement, it is clear that the district court would have imposed the same sentence under the § 3553(a) factors if its safety-valve determination was incorrect.