[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10631

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00103-VMC-AEP-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SOLIS,
a.k.a. Jose Rangel, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2012)

Before MARCUS, COX and SILER,* Circuit Judges.

PER CURIAM:

_____

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

Jose Solis appeals his 171-month total sentence, imposed after he pled guilty to conspiracy to distribute cocaine and methamphetamine, distribution of cocaine and methamphetamine, possession of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. On appeal, Solis challenges the district court's finding that he was ineligible for a two-level reduction to his offense level. After thorough review, we affirm.

We review factual determinations of a district court's safety-valve decision for clear error and its legal interpretation de novo. United States v. Poyato, 454 F.3d 1295, 1297 (11th Cir. 2006). The defendant has the burden of proving his eligibility for safety-valve relief. United States v. Johnson, 375 F.3d 1300, 1302 (11th Cir. 2004).

In 2010, the guideline provision corresponding to Solis's convictions, U.S.S.G. § 2D1.1, allowed a two-level reduction to a defendant's offense level if the defendant met all five of the safety-valve provisions under U.S.S.G. § 5C1.2(a). U.S.S.G. § 2D1.1(b)(11). To qualify for safety-valve relief under § 5C1.2(a), the defendant must show, among other things, that he "did not . . . possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 5C1.2(a)(2). In this appeal, this is the only one of the five safety-valve criteria that the parties dispute.

Unless the defendant "induces" another's possession according to the language of § 5C1.2(a)(2), we have held that "possession" of a firearm, with respect to the safety-valve provision, "does not include reasonably foreseeable possession of a firearm by co-conspirators." United States v. Clavijo, 165 F.3d 1341, 1343 (11th Cir. 1999) (per curiam). However, the commentary following § 5C1.2 states that "defendant," as used in § 5C1.2(a)(2), makes a defendant accountable for "his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 5C1.2 cmt. n.4. Section 2 of Title 18 provides that "[w]hoever . . . aids, abets, counsels, commands, induces or procures [the commission of an offense against the United States] is punishable as a principal." 18 U.S.C. § 2(a).

In this case, Solis and several co-conspirators were charged in an eleven-count superseding indictment. Solis was named in Counts 1 through 9, which charged him with conspiracy to distribute cocaine and methamphetamine (Counts 1 and 2), distribution of cocaine and methamphetamine (Counts 3-7), possession of methamphetamine (Count 8), and possession of a firearm in furtherance of a drug trafficking crime (Count 9). Solis pled guilty to all 9 counts, including Count 9, which charged him with violations of 18 U.S.C. §§ 924(c) and 2: possession of a

firearm in connection with a drug trafficking offense based on an aiding and abetting theory of liability.

While a co-conspirator's reasonably foreseeable possession of a firearm does not preclude safety-valve relief under Clavijo, a defendant who aids and abets such possession is treated as a principal under the guidelines and faces the same sentencing exposure as the principal. See U.S.S.G. §§ 2X2.1, 1B1.3(a)(1)(A). And, as noted, the commentary following § 5C1.2 specifically states that, with regard to safety-valve relief, a defendant is accountable for conduct that he aided or abetted. U.S.S.G. § 5C1.2 cmt. n.4.

The uncontroverted facts from the PSI show that during a December 9, 2009 drug transaction for which Solis was present, one of Solis's codefendants, Victor Galvan-Moreno, possessed a loaded handgun. Based on Solis's guilty plea to Count 9 (the § 924(c) count) and these facts in the PSI regarding Galvan-Moreno's firearm possession, Solis admitted his liability for Galvan-Moreno's firearm possession during the December 9, 2009 drug transaction. Therefore, Solis cannot demonstrate that he did not possess a firearm in connection with a drug trafficking offense, and, as a result, he does not qualify for safety-valve relief. There was no clear error in the district court's determination that Solis was ineligible for such a reduction to his offense level, and we affirm.

**AFFIRMED.**