[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16270
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20468-JAL-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN TRAMAINE CHAVOUS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2013)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Chavous appeals his 120-month sentence imposed after pleading

guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21

U.S.C. §§ 841(a)(1) and 846.  He asserts that the district court:  (1) improperly imposed a two-level guidelines enhancement for possession of a firearm; (2) erroneously concluded that he was ineligible for relief under the guidelines' safety-valve provision; and (3) improperly denied a guidelines reduction based on his minor role in the offense.  After careful review, we affirm.

Chavous and his co-defendants, Steven Cook, Michael Chavous (hereafter, Michael), and Christopher Henderson, drove from Georgia to Miami with $65,000 in cash to purchase cocaine from a seller who was working with the FBI.  Upon arriving in Miami, Cook and Michael went to purchase the drugs and were arrested.  A search of the vehicle they drove to the drug buy revealed a loaded firearm.  After their arrest, Cook and Michael told FBI agents that they had travelled to Miami with Henderson and Chavous, who were supposed to transport the drugs back to Georgia.  At the agents' request, Cook called Henderson and told him and Chavous to meet him at the site of the drug buy.  Chavous and Henderson arrived and were arrested.  A search of their vehicle revealed a firearm under the driver's seat, and Henderson admitted to putting it there.  Chavous stated after his arrest that he had travelled to Miami at Michael's request and did not know the purpose of the trip.

Chavous pleaded guilty to conspiracy to possess cocaine with intent to distribute.  Prior to sentencing, the probation officer prepared a presentence

investigation report (PSI) that set his base offense level at 32. The PSI increased

Chavous's guidelines level by two for possession of a firearm. *See* U.S.S.G.

§ 2D1.1(b)(1). After other adjustments, Chavous's total offense level became 31

and, with a criminal history category of I, his resulting guidelines range was 108 to

135 months' imprisonment. Chavous was subject to a 120-month statutory

mandatory minimum, however, which changed his guidelines range to 120 to 135

months' imprisonment. *See id.* § 5G1.1(c)(2). The district court imposed a 120-

month sentence. This is Chavous's appeal.

Chavous first asserts that the district court improperly imposed a two-level

enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. "We

review the district court's findings of fact under U.S.S.G. § 2D1.1(b)(1) for clear

error, and the application of the Sentencing Guidelines to those facts *de novo*."

*United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (internal quotation

marks omitted). Even if the defendant did not physically possess a firearm, the

enhancement is still appropriate if:

> the government establishes by a preponderance of the evidence that
> (1) the possessor of the firearm was a co-conspirator, (2) the
> possession was in furtherance of the conspiracy, (3) the defendant was
> a member of the conspiracy at the time of possession, and (4) the co-
> conspirator possession was reasonably foreseeable by the defendant.

*Id.* (internal quotation marks omitted). Moreover, if the firearm was present at the

place of the crime, the enhancement applies "unless it is clearly improbable that

3

the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. (n.11(A)). The defendant bears the burden of showing "that a connection between the firearm and the offense is clearly improbable." *United States v. Hall*, 46 F.3d 62, 63 (11th Cir. 1995).

Chavous contends Henderson's firearm was wholly unrelated to the conspiracy to purchase drugs because Henderson brought it for personal protection.[1] But Chavous cannot establish that the firearm's connection to the offense was "clearly improbable." We have recognized that "guns are a tool of the drug trade" and "[t]here is a frequent and overpowering connection between the use of firearms and narcotics traffic." *Pham*, 463 F.3d at 1246 (internal quotation marks omitted). And had the purchase been successful, Chavous and Henderson would have been tasked with transporting five kilograms of cocaine from Florida to Georgia, for which a firearm could have been used to protect the drugs. Chavous therefore cannot show that the § 2D1.1 enhancement was improper. *See United States v. Freyre-Lazaro*, 3 F.3d 1496, 1506 (11th Cir. 1993) (noting that it was reasonably foreseeable that a co-conspirator would possess a firearm when transporting a large amount of cocaine).

---

[1] Chavous also contends that he had no knowledge of either of the firearms in the vehicles at the scene, but we have stated knowledge of a co-conspirator's possession of a firearm is not required to support the enhancement. *See United States v. Clavijo*, 165 F.3d 1341, 1342 (11th Cir. 1999) ("Although Clavijo had no knowledge of the firearm, he had nonetheless *possessed* a firearm under the broad language of section 2D1.1(b)(1).").

Chavous next argues the district court should have granted him relief under the guidelines' safety-valve provision. We review a district court's factual findings about a denial of safety-valve relief for clear error and its interpretation of the safety-valve statutes and guidelines *de novo*. *United States v. Poyato*, 454 F.3d 1295, 1297 (11th Cir. 2006). To qualify for safety-valve relief, a defendant must "truthfully provide[] to the Government all information and evidence [he] has concerning the offense . . . ." U.S.S.G. § 5C1.2(a)(5). The district court found that Chavous had not truthfully told the government everything he knew about the offense because he stated he did not learn that the purpose of the trip was to purchase drugs until he arrived in Miami. Chavous contends he told the truth. But at sentencing, Chavous submitted into evidence a report summarizing an interview between Cook and federal agents indicating Cook met with Chavous *before* the trip to discuss the logistics of the drug buy. The district court's decision to credit this report over Chavous's explanation is not clearly erroneous. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Thus, the district court did not err in finding Chavous ineligible for safety-valve relief.

Finally, Chavous contends the district court should have awarded him a minor-role reduction because he did not know about the drug transaction until he

arrived in Miami, was not involved in the negotiations, and provided no money towards the purchase of the cocaine. *See* U.S.S.G. § 3B1.2(b). "We review for clear error a district court's determination of a defendant's qualification for a role reduction." *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). "The defendant has the burden of establishing his role in the offense by a preponderance of the evidence." *Id.* To determine whether a defendant had a minor role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing and may also measure the defendant's role against the other participants in that relevant conduct." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002) (alterations and internal quotation marks omitted).

Chavous has not demonstrated that the district court clearly erred in declining to award him a minor-role reduction. He was held accountable only for the amount of cocaine he conspired to transport, and the transportation of the cocaine was an integral part of the conspiracy. *See Alvarez-Coria*, 447 F.3d at 1343-44 (holding that a refusal to grant a minor-role reduction was not clearly erroneous where the defendant was entrusted with transporting drugs and was held responsible only for the amount of drugs that he agreed to transport).

For the above reasons, the district court did not err in imposing Chavous's sentence.

6

**AFFIRMED.**