[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11461

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NOAH JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00212-TFM-MU-1

_____

2                       Opinion of the Court                    22-11461

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Noah Jones appeals the 84-month sentence imposed by the district court after he pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  Mr. Jones argues that the district court's 27-month upward variance above the top end of the applicable Sentencing Guidelines range of 46 to 57 months was procedurally and substantively unreasonable.  After review of the parties' briefs and the record, we vacate and remand for resentencing.

## I

On December 26, 2020, a police officer in Mobile, Alabama attempted to stop a vehicle driven by Mr. Jones for making a turn without signaling.  Mr. Jones, who was out on bond at the time pending state murder charges, responded by making a turn and taking off at a high rate of speed.  After traveling a few blocks, Mr. Jones lost control of his vehicle and slammed into a tree in a vacant lot.  Mr. Jones then fled on foot through several backyards before being apprehended.

When the police searched Mr. Jones' vehicle, they found a Glock pistol loaded with a high-capacity magazine between the driver's seat and the center console.  On the back floorboard of the vehicle, the officers found another loaded Glock pistol, a loaded Taurus pistol, and a wallet containing identification belonging to someone other than Mr. Jones.

## A

A grand jury returned an indictment charging Mr. Jones with illegal gun possession by a felon in violation of 18 U.S.C. § 922(g)(1) (Count I) and receipt of a firearm by a person under indictment in violation of 18 U.S.C. § 922(n) (Count II). The indictment also contained a forfeiture notice relating to the three firearms found in the vehicle.

Mr. Jones pled guilty to Count I pursuant to a plea agreement. The government in return agreed to dismiss Count II and to recommend a sentence at the low end of the Sentencing Guidelines range. Mr. Jones agreed to waive most of his appellate rights but reserved the right to directly appeal any sentence which constituted "an upward departure or variance from the advisory guideline range." The district court accepted Mr. Jones' guilty plea at a change of plea hearing.

**B**

A probation officer prepared a presentence report ("PSR") before sentencing. The PSR recommended a guideline imprisonment range of 46 to 57 months. In calculating the offense level, the PSR set the base offense level at 22. Mr. Jones began with a base offense level of 22 because his offense involved a semiautomatic firearm that could hold a high-capacity magazine and because he had a prior robbery conviction that was deemed a crime of violence. Mr. Jones' offense level was increased two points, to 24, because he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *See* U.S.S.G. § 3C1.2. The adjusted offense

level of 24 was then reduced by three levels for acceptance of responsibility, resulting in a total offense level of 21.

The PSR also described Mr. Jones' criminal history, which involved a state armed robbery conviction in 2017 and a state conviction for leaving the scene of an accident with property damage in 2021. The PSR attributed five criminal history points to these two prior convictions, placing Mr. Jones in a criminal history category of III. With respect to Mr. Jones' robbery conviction, the PSR stated that "in the course of committing or attempting to commit a theft of an iPhone and cigarettes," Mr. Jones, "use[d] or threaten[ed] the imminent use of force against the victim, while armed with a gun."

Additionally, the PSR indicated that Mr. Jones had pending state murder charges for which he had been released on bond when he committed the offense in this case. Aside from case-identifying information, the PSR stated: "The alleged details are that on October 2, 2016, the defendant, with the intent to cause the death of another person, caused the death of Deanthony Means with a firearm." According to the PSR, Mr. Jones also had other pending state charges for firearm possession, attempt to elude, and resisting arrest stemming from the same incident as his federal charges in this case.

Mr. Jones' criminal history category of III and an offense level of 21 yielded a Sentencing Guidelines range of 46 to 57 months.

**C**

The government did not object to the PSR, but Mr. Jones raised primarily two written objections.  First, Mr. Jones objected to the application of the § 3C1.2 enhancement because he believed that his conduct at the time of his arrest did not create a substantial risk of death or serious bodily injury.  Second, Mr. Jones argued that the base offense level should be 20, rather than 22, because his second-degree robbery conviction did not qualify as a "crime of violence" as the term is defined in the Sentencing Guidelines.

The sentencing hearing started off with the district court hearing argument on those two objections.  Neither side brought up the pending state murder charges.  After dispensing with Mr. Jones' second objection, the district court stated:

> The other thing that I cannot turn a blind eye to and that's a firearm-related offense.  The defendant shot and killed someone, whether it was murder or not, capital murder or not, he shot and killed somebody. This, to me, indicates somebody who has shown the ultimate disregard for other people.

> Regardless of what occurred on this occasion -- and I don't know all the details of it -- he shouldn't have, because he had a felony conviction at the time, shouldn't have had a gun to shoot somebody and kill them.

>                     \* \* \*

> He's already used [a pistol] to kill somebody before. So it appears to me that that's the reason that he has a firearm is to use it against someone.

Although Mr. Jones had not objected to the PSR referencing his pending state murder charges, he did object following the district court's statement. Mr. Jones objected to any conclusion that he was "guilty of the crime of murder" or "that he actually used a firearm to kill an individual" because it was merely a charge at that point. The district court responded by saying that "I understand your argument, and I overrule that."

In response to further objection by Mr. Jones, the district court explained that "[e]ven if I set aside the murder charge, the flight, the initial robbery, the possession of the firearm on this occasion, all of that, in my opinion . . . warrants an upward departure."

Although the government recommended a sentence of 46 months, which was the low end of the Sentencing Guidelines range, the district court imposed a term of imprisonment of 84 months. The district court stated that its 27-month upward variance "addresses the seriousness of the offense, the sentencing objectives of punishment, deterrence, and incapacitation" and was "appropriate . . . considering all of the sentencing factors." According to the district court, "the totality of the circumstances of this case indicate[d] that Mr. Jones is a dangerous individual who has no regard for the safety of other people or their property and that his case is not within . . . the heart of the guidelines."

During sentencing, the government asked the district court if it would make a finding, based on *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006), as to the Sentencing Guidelines and

how they applied in this case, and if it would impose the same sentence regardless. The court responded: "Yes. This sentence is, I think, the appropriate sentence regardless of the guidelines. As I said, I would've departed upward if I had to, as the guidelines are now advisory."

The district court ultimately imposed a sentence of 84 months, to run concurrently with any sentence imposed in the related state case, followed by a supervised release term of three years. The district court noted in its statement of reasons that the above-guideline sentence was based on the nature and circumstances of the offense and Mr. Jones' history and characteristics. The district court further stated that "[t]he sentence imposed addresses the seriousness of the offense and meets the sentencing objectives of deterrence, incapacitation, and punishment."

Mr. Jones timely appealed.

## II

We review the substantive reasonableness of a sentence under a "deferential abuse of discretion standard." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). We use a two-step process to review the reasonableness of a sentence imposed by a district court. *See United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). First, we determine whether the sentence is procedurally sound. *See id.* Assuming it is, we then examine whether the sentence is substantively reasonable given the totality of the circumstances and the sentencing factors set out in 18 U.S.C. § 3553(a). *See id.* At both

steps of the process, the party challenging the sentence bears the burden of showing it is unreasonable. *See United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

## III

On appeal, Mr. Jones argues that the district court imposed a procedurally and substantively unreasonable prison sentence of 84 months. *See* Appellant's Br. at 9. Mr. Jones argues that his sentence is procedurally unreasonable because it rests on the district court's findings that he "shot and killed someone" and was guilty of the pending state murder charge. *See id.* Mr. Jones contends that this finding by the district court is clearly erroneous because there was no reliable evidence in the record to support it. *See id.* Additionally, Mr. Jones argues that his sentence is substantively unreasonable because the district court placed significant weight on facts that were already taken into account by the Sentencing Guidelines. *See id.*

## A

A sentence is procedurally unreasonable if the district court commits a "significant procedural error" such as failing to calculate or incorrectly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, failing to adequately explain the chosen sentence, or selecting a sentence based on clearly erroneous facts. *See Pugh*, 515 F.3d at 1190.

Mr. Jones' argument here focuses on the latter procedural deficiency. He believes that his sentence is procedurally unreasonable because "it is based on the district court's clearly erroneous

finding that [he] 'shot and killed someone.'"  Appellant's Br. at 17. According to Mr. Jones, "it was error for the district court to conclude that [he] shot and killed someone' and to then rely on that conclusion to support an upward variance from the guideline range."  *Id*. at 19.

The government responds that if any error occurred, it was harmless because the district court stated on the record that it would have imposed the same sentence regardless of the pending state murder charges.  Appellee's Br. at 15.

We conclude that Mr. Jones has the better argument.  The district court relied on—as the government does not contest—a clearly erroneous fact in sentencing Mr. Jones.  The totality of the district court's statements on the record, and the nature of the state pending charges, leaves us unsure as to whether the error was harmless such that we must vacate and remand for resentencing.

While "failure to object to allegations of fact in a [PSR] admits those facts for sentencing purposes," *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006), the district court may still, as it did here, consider a defendant's objection at the sentencing hearing. *See United States v. Harrison*, 743 F.3d 760, 762 (10th Cir. 2014).  *See also United States v. Hollander*, 287 Fed. Appx. 74, 75 (11th Cir. 2008) (considering government's newly raised objection to PSR at sentencing).  And an objected-to-fact can only be considered in sentencing if it is proven by a preponderance of the evidence.  *See United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997) ("Relevant conduct of which a defendant was acquitted nonetheless may

be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence.").

Here, the district court had *no* evidence—only an unproven charge—on which to base its conclusion that Mr. Jones killed someone with a gun. As district courts regularly instruct juries in this circuit, an "indictment or formal charge against a defendant isn't evidence of guilt." 11th Cir. Criminal Pattern Jury Instructions B2.1 (March 2022). Thus, even the lesser standard of a preponderance of the evidence was not met. For purposes of sentencing, the finding that Mr. Jones killed someone with a gun was clearly erroneous.

Multiple points in the transcript reflect the district court's reliance on that clearly erroneous fact and preclude a finding of harmlessness. *First*, The district court expressed its inability to "turn a blind eye" to that fact that "[t]he defendant shot and killed someone . . . . " *Second*, when Mr. Jones' counsel objected that his 2016 charge for murder and felony murder were "still pending" and he was not "convicted of that," the district court overruled the objection. *Third*, when Mr. Jones' mother criticized the district court at sentencing for having "already accused [her] child of being guilty of murder and he hasn't even been to court," the district court explained, "I bring up the fact that somebody is dead, shot by him. He shouldn't have even had a gun at the time."[1]

---

[1] The danger in relying on mere accusations of a crime in sentencing is exemplified by the subsequent history of Mr. Jones' state case. After Mr. Jones' filed

## B

Under our precedent, we need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable. *See Keene*, 470 F.3d at 1349. "Our rationale for this policy is to avoid 'pointless reversals and unnecessary do-overs of sentence proceedings.'" *United States v. McLellan*, 958 F.3d 1110, 1116 (11th Cir. 2020) (quoting *Keene*, 470 F.3d at 1349).

Although the district court said it would have imposed the same sentence "[e]ven if [it] set aside the murder charge," we have serious doubts as to whether it was actually able to do so given its multiple condemnations of Mr. Jones as a murderer and overruling of his objection to that characterization. *See United States v. Johnson*, 648 F.3d 273, 279 (5th Cir. 2011) (vacating sentence for considering bare arrest records even though district court said "the sentence is not based on the arrests"). Murder is among the most serious of crimes, and it is difficult for us to see how the district court could

his opening brief in this appeal, the state dismissed the murder charge and amended the felony murder charge to discharging a gun in an occupied dwelling, to which he pled guilty. Appellant's Reply Br. at 1 n.1. We take judicial notice of the of the Conviction Report in Mr. Jones' state case confirming the same. *See* Conviction Report at D.E. 161, *State of Alabama v. Noah Jones*, Case No. 17-5257 (Ala. Cir. Ct. Aug. 3, 2022). *See also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

have put aside its view of Mr. Jones as a murderer.  The government, in other words, has not met its burden of showing that the district court's error was harmless.  *See United States v. Pon*, 963 F.3d 1207, 1227 (11th Cir. 2020).[2]

## IV

We vacate Mr. Jones' sentence.  The 84-month sentence was procedurally unreasonable, and Mr. Jones was prejudiced by the error.  We remand for resentencing.

**VACATED AND REMANDED FOR RESENTENCING.**

---

[2] We express no view as to whether Mr. Jones' sentence is substantively reasonable.