[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12685
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00013-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


KRAIG ANTONIO DAVIS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(December 20, 2013)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Kraig Antonio Davis appeals his 42-month sentences after pleading guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341, one count of aiding and abetting a false claim, in violation of 18 U.S.C. §§ 287, 2, and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1).  Based on information in the statement of facts, the presentence investigation report ("PSI"), and from the sentencing hearing, the district court held Davis accountable for over ten victims and over $70,000 in loss.  Davis admitted stealing the personal information of three individuals for a loss amount of $11,425 by filing fraudulent tax returns.  However, because there were other fraudulent tax returns filed using an internet protocol ("IP") address and physical addresses that were connected to Davis, he was held accountable for a total loss amount of $77,081 and eighteen victims.  The court ordered a restitution amount for $77,081.  On appeal, Davis argues that: (1) the district court clearly erred in determining that the offense involved more than ten victims, resulting in a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i), and determining that the amount of loss exceeded $70,000, resulting in an eight-level enhancement under U.S.S.G. § 2B1.1(b)(1)(E); and (2) the district court erred in ordering a restitution amount of $77,081. After careful review, we affirm.

We review the district court's interpretation and application of the sentencing guidelines de novo and findings of fact for clear error.  United States v.

2

Bane, 720 F.3d 818, 824 (11th Cir. 2013).  Thus, we review for clear error the factual findings underlying a restitution order.  United States v. Brown, 665 F.3d 1239, 1252 (11th Cir. 2011).  In order to be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed."  United States v. Rothenberg, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted).  However, a factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence.  United States v. Saingerard, 621 F.3d 1341, 1343 (11th Cir. 2010).

Where a defendant objects to a fact contained in the PSI, the government bears the burden of proving that disputed fact by a preponderance of the evidence.  United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009).  The findings of fact of the sentencing court may be based on facts admitted by a defendant's guilty plea, undisputed statements in the PSI, or evidence presented at the sentencing hearing.  Id.

Here, the district court did not clearly err in determining that Davis's offense involved more than ten victims and over $70,000 in loss.  As the record shows, there were fourteen different victims who had their personal information used to file fraudulent tax returns using physical addresses and an IP address that were all connected to Davis.  Davis admitted to stealing the personal information of at least three individuals for a total of $11,425, and to having debit cards sent to

neighboring addresses.  The evidence does not leave us with a "definite and firm conviction that a mistake has been committed."  See Rothenberg, 610 F.3d at 624 (quotation omitted).  Even though there are other plausible conclusions that could be drawn from the evidence that do not connect Davis to the additional fraudulent tax returns, the district court's conclusion is a permissible view of the evidence. See Saingerard, 621 F.3d at 1343.

As for Davis's claim concerning the restitution order, Davis relies on the same argument concerning the amount of damage.  Thus, for the reasons we've discussed above, the district court did not err in finding that the restitution total was $77,081.

**AFFIRMED.**