[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14740
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20534-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAINGELUS SAINGERARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2010)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Saingelus Saingerard appeals, contesting the district court's determination that Saingerard was competent to stand trial. No reversible error has been shown; we affirm.

During a period of supervised release following his conviction for several federal drug offenses, Saingerard resided in an Immigrations and Customs Enforcement processing center . While there, he punched an officer and bit off a portion of the officer's little finger. Saingerard was indicted on one count of assaulting a federal officer in violation of 18 U.S.C. § 111(a)(1).

The district court granted the government's motion for a hearing on Saingerard's competency to stand trial. At the hearing, two experts presented conflicting evidence. Dr. Heather Holmes, testifying on behalf of Saingerard, asserted that he suffered from a delusional disorder with associated depression that could affect his ability to assist in his own defense. Dr. Rodolfo Buigas, testifying on behalf of the government, asserted that Saingerard suffered from a paranoid personality disorder but that this disorder did not affect his ability to understand the legal process and to assist in his defense. At the district court's request, both parties submitted memoranda and proposed orders on the issue of Saingerard's

competency.

After considering the evidence and the parties' memoranda, the district court determined that Saingerard was able to understand the legal process, relay information to his lawyer, and assist in decisionmaking. Thus, the court determined that he was competent to stand trial.

Saingerard later moved to renew his motion to be declared incompetent. The court responded by ordering additional psychological testing. At a second competency hearing, the court reviewed the results of the additional testing as well as the evidence presented at the first hearing and again determined that Saingerard was competent to stand trial.

At trial, a jury convicted Saingerard of the charged offense. Saingerard has appealed, arguing the district court erred in crediting the testimony of the government's expert and that the court's own observations supported a finding that Saingerard lacked competency to stand trial.

We review a district court's determination of "'competency to stand trial as a factfinding subject to reversal only for clear error.'" United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006) (quoting United States v. Hogan, 986 F.2d 1364, 1371 (11th Cir. 1993)).

A person is incompetent to stand trial if "there is reasonable cause to believe

that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a); see also Dusky v. United States, 80 S. Ct. 788, 789 (1960).

Saingerard was given ample opportunity to demonstrate incompetence to stand trial.  The district court did not commit clear error in considering the conflicting expert testimony and crediting one view over the other. "'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" Izquierdo, 448 F.3d at 1278 (quoting Anderson v. City of Bessemer City, 105 S. Ct. 1504, 1511 (1985)).  Because the district court did not clearly err in its determination that Saingerard was competent to stand trial, we affirm.

AFFIRMED.