[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2011
JOHN LEY
CLERK

No. 10-11779
Non-Argument Calendar

_____

D.C. Docket No. 0:98-cr-06118-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAHENDRA PRATAP GUPTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2011)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This appeal is the third occasion that this Court has been asked to review the

amount of loss attributed to Mahendra Gupta for conspiring to defraud Medicare. 18 U.S.C. § 286. In two previous appeals by the United States we held that the district court erred in finding a loss amount of zero, United States v. Gupta (Gupta II), 463 F.3d 1182, 1199–1200 (11th Cir. 2006), and in selecting arbitrarily $1.5 million as the amount of loss, United States v. Gupta (Gupta III), 572 F.3d 878, 888–89 (11th Cir. 2009). The district court attributed to Gupta a loss amount of $3.4 million. We affirm.

Gupta argues that the district court failed to make findings of fact to support its selection of $3.4 million as the loss amount and that the procedural error caused the district court to miscalculate the amount of restitution, but we disagree. The district court was presented with two opinions about the amount of loss and ruled that it was "going to go with the 3.4 figure" provided by Jeff Litvak, the expert for the United States. The district court rejected Gupta's arguments that the loss amount was zero and that $1.4 million in expenses that Allegheny incurred should not be included in the amount of loss. Gupta criticizes Litvak's calculations and argues that the district court should have credited the testimony of the defense expert witness, but the district court was presented with two means of calculating the amount of loss and its "choice between them cannot be clearly erroneous." United States v. Saingerard, 621 F.3d 1341, 1343 (11th Cir. 2010) (internal

quotation marks omitted).

Gupta argues, for the first time on appeal, that Litvak was not qualified to provide an expert opinion, but his argument fails. Gupta did not challenge Litvak's qualifications in the district court, and he does not argue that Litvak's experience in making hospital valuations rendered his testimony inadmissible. Gupta fails to cite any authority to establish that Litvak, a certified public accountant, was incapable of examining the operations of Allegheny Management Company and quantifying the amount of loss caused to Medicare. See Fed. R. Evid. 702.

Gupta also argues that the district court erroneously believed it was required to find some amount of loss, but we disagree. Although the district court stated that "it would appear . . . that the Eleventh Circuit has made it very clear that they feel there is a loss, and it's my responsibility to pick what the loss was," the court explained it knew it "couldn't pick a number" and had to base its calculation on evidence and the burden of proof about the amount of loss rested with the United States. The district court fairly assumed that the only way it could find a loss amount of zero was if the United States failed to satisfy its burden of proof.

The district court did not err when it calculated the amount of restitution. The parties agreed that the amount of restitution is dependent on the amount of

3

loss and that the district court had to "subtract[] $1,208,763 . . . from its loss finding." The district court correctly ordered Gupta to pay $2,191,237 in restitution.

We **AFFIRM** Gupta's sentence.