[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11834
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80199-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO RUIZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 15, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Orlando Ruiz appeals his 120-month sentence, which the district court imposed after he pled guilty to one count of possession of one or more firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(B)(i).

The probation office prepared a presentence investigation report ("PSI") in anticipation of Ruiz's sentencing. The PSI noted that he was an active member of the MS-13 gang and accordingly recommended that, as a condition of his supervised release, he be prohibited from associating with MS-13 members or visiting any place MS-13 members were known to gather. The PSI's description of Ruiz's membership in the MS-13 gang was also, according to the government, relevant to the Bureau of Prisons' classification of him for prison security and housing purposes.

Ruiz objected to the fact of his gang involvement, and in response the government introduced the testimony of Agent Richard Silva, a Palm Beach County Sheriff's Office gang task force officer. Silva testified that he viewed approximately 15 to 20 photographs displaying MS-13 gang signs, colors, and symbols on Ruiz's social media accounts. Silva also testified that two witnesses, including Ruiz's girlfriend Maria Martinez, had indicated that Ruiz was a member of the gang. Martinez testified for the defense that she had not told Silva that Ruiz

2

was affiliated with MS-13.  Speaking to the court, Ruiz denied involvement with the gang.

The district court found that sufficient evidence proved the fact—which, the court noted, in no way affected Ruiz's term of incarceration—and overruled the objection.  The court did not, however, impose the supervised release restriction related to MS-13 proposed in the PSI.  The district court sentenced Ruiz to 120 months' imprisonment.

On appeal, Ruiz contends that the district court erroneously found him to be a member of the MS-13 gang and requests a remand with instructions to strike any reference to gang affiliation from the PSI.[1]  We review the district court's factual findings for clear error.  *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009).  A finding of fact is clearly erroneous if we are "left with the definite and firm conviction that a mistake has been committed."  *Id.* (internal quotation marks omitted).  A factual finding cannot be clearly erroneous when the fact finder chooses between two permissible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

---

[1] It is unclear from his brief why Ruiz challenges this finding of fact, considering that his sentence and conditions of supervised release were unaffected by it.  It is true that his Bureau of Prisons classification may depend in some part on his gang involvement, but Ruiz failed to articulate a specific challenge to that classification in his appellate brief.  We nevertheless decline to apply any waiver to this issue because the district court's finding was supported by sufficient evidence.

"[O]nce a defendant objects to a fact contained in the PSI, the government bears the burden of proving that disputed fact by a preponderance of the evidence." *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).[2]  Here, the district court's finding that Ruiz was a member of the MS-123 gang was not clearly erroneous.  As the record shows, when Ruiz objected to the fact in the PSI, the government presented evidence through an agent familiar with Ruiz's case and with gangs in general.[3]  Even though the court could have drawn a different conclusion about Ruiz's affiliation with MS-13 based on the evidence, including Ruiz's statements and Martinez's testimony, the district court's finding was based on a permissible view of the evidence.  *See Saingerard*, 621 F.3d at 1343. Accordingly, we affirm.

**AFFIRMED.**

---

[2] The government suggests that the standard may be lower in instances such as this where the challenged fact did not affect the defendant's sentence.  Based on the broad language employed in cases such as *Martinez*, we doubt that this is so.  But we need not determine whether a different standard applies because we conclude the government satisfied its burden to demonstrate Ruiz's membership in the MS-13 gang by a preponderance of the evidence.

[3] We reject Ruiz's contention that he was denied an opportunity to test the reliability of the government's evidence.  Defense counsel cross-examined Silva and presented Martinez's contradictory testimony to the court.