[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14600
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20275-RNS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS MARY VALMYR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2016)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Louis Valmyr appeals his 37-month sentence, imposed after pleading guilty to one count of conspiring to distribute 500 or more grams of cocaine. We review the district court's imposition of a sentence under a deferential abuse of discretion standard. *See United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). Valmyr bears the burden of showing that his sentence is unreasonable based on the record and the § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). After considering Valmyr's arguments and reviewing the record, we conclude he did not meet his burden. We find no reversible error and thus affirm the district court.

On appeal, Valmyr first argues that the district court abused its discretion by refusing to grant him the same downward variance that it granted his codefendant.[1] In support of this argument, Valmyr contends that the district court's decision to deny the variance was based on a clearly erroneous factual finding—that Valmyr played a more substantial role in the conspiracy than did his codefendant.

However, the record supports the district court's determination that Valmyr's offense conduct was more substantial than that of his codefendant. Valmyr's codefendant had been attempting to arrange a cocaine purchase for several months, but the narcotics transaction was only able to move forward once

---

[1] Both Valmyr and his codefendant had offense levels of 21 and were in criminal history category I, resulting in an advisory guideline range of 37–46 months. The district court granted the codefendant's motion for a downward variance and sentenced him to 24 months, but declined to grant Valmyr's motion for a downward variance.

Valmyr agreed to the deal. Further, Valmyr (1) verified that the cocaine was real; (2) brought the money to the transaction; and (3) was referred to as "the buyer" during the deal. Though Valmyr argued that he was dragged into the deal by his codefendant, and that he himself was merely acting as a broker for an unindicted dealer in Orlando, he did not offer any evidence to support those contentions. While both Valmyr and his codefendant played essential roles, there are enough facts in the record on which the court could reasonably base its determination that Valmyr's role in the offense was greater. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (per curiam) (noting that a sentencing court's factual finding is not clearly erroneous when it chooses between two permissible views of the evidence). Thus, the district court's finding was not clearly erroneous, and its subsequent refusal to grant Valmyr a downward variance on that basis was not an abuse of discretion.

Valmyr next contends that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors and deciding to impose a sentence within the guidelines. In support, Valmyr claims that he and his codefendant had the same role in the offense and the same criminal history score, so the different sentences imposed by the court resulted in an unwarranted sentencing disparity.

This argument also fails.  The court acted within its discretion in finding that the differences between Valmyr and his codefendant warranted different sentences and that a low guideline sentence for Valmyr was appropriate.  Though neither defendant had any prior convictions, Valmyr (unlike his codefendant) had been arrested in 2012 for a drug trafficking offense.  Further, the instant offense had been committed while the government was actively pursuing the case regarding the 2012 arrest, and while Valmyr was acting as a government informant subsequent to that arrest.  Valmyr's prior arrest is relevant to his history and characteristics and supports the court's decision to sentence him more harshly than his codefendant because it implicates the need for deterrence and to promote respect for the law.  *See* 18 U.S.C. § 3553(a); *Shaw*, 560 F.3d at 1237–38 ("[A] district court has considerable discretion in deciding whether the § 3553(a) factors justify a variance and the extent of one that is appropriate." (internal quotation marks omitted)).  Finally, Valmyr's sentence was within the advisory guideline range, which is an additional indication of its reasonableness.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

For these reasons, we find that the district court did not abuse its discretion in weighing the § 3553(a) factors or in imposing a higher sentence on Valmyr than on his codefendant.  Therefore, we affirm the district court.

**AFFIRMED.**