[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15136
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00043-CAR-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANNY ROBERT BUSH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 3, 2016)


Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Danny Bush appeals his 60-month sentence after he pleaded guilty to one count of possession with intent to use five or more fraudulent identifications, in violation of 18 U.S.C. § 1028(a)(3).  He argues that the district court erred when it included a $45,000 check found on a co-defendant's computer in the loss amount attributed to him under U.S.S.G. § 2B1.1(b).  He also argues that the district court erred when it imposed a four-level enhancement for being an organizer or leader of the criminal activity under U.S.S.G. § 3B1.1(a).

I.

We review for clear error a district court's determination of loss.  *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011).  Where a fact pattern gives rise to two reasonable and different constructions, "the factfinder's choice between them cannot be clearly erroneous."  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).  Also, "[f]or a finding to be clearly erroneous, [we] must be left with a definite and firm conviction that a mistake has been committed."  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation omitted).

2

Under the Sentencing Guidelines, a defendant is held responsible for the loss that he "knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1, comment. (n.3(A)(iv)). "A defendant may be held responsible for the reasonably foreseeable acts of his co-conspirators in furtherance of the conspiracy." *United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1882 (2015). "A district court must determine the scope of the defendant's criminal activity prior to considering all reasonably foreseeable acts of co-conspirators." *Id.* To determine the scope of a defendant's criminal activity, the district court may consider any explicit or implicit agreement "fairly inferred from the conduct of the defendant and others." *Id.*

The undisputed facts support the district court's decision to attribute the $45,000 check to Bush: it was "in furtherance of the jointly undertaken criminal activity and [was] reasonably foreseeable" to him. *See id.* at 731. The scope of the conspiracy included the creation of fraudulent checks using computer software, and Bush's chief role was to provide expertise on how to fabricate the checks. The conspiracy involved the use of checks that were drawn on multiple sources using a variety of names, including -- in at least one instance -- the real name of one of the conspirators. It was therefore reasonably foreseeable to Bush that files containing fraudulent checks would exist on Bolton's computer, even if the check was drawn

3

on an account that was not used before and used Bolton's actual name.  That the check was not in a format that was usable as a check when it was found does not mean that the conspirators had no intention or plan to convert the check to a useable format at some point in the future.

Given all the circumstances, the district court did not clearly err when it attributed the $45,000 check on Bolton's computer to Bush.

## II.

We review for clear error the factual finding that a defendant was an organizer or leader.  *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005).

Pursuant to § 3B1.1(a), a district court may increase a defendant's offense level by four levels where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a).  The government bears the burden of proving by a preponderance of the evidence that the defendant played such a role in the offense. *United States v. Glinton*, 154 F.3d 1245, 1260 (11th Cir. 1998).  In determining the defendant's role in the offense, the district court must consider these factors:

> (1) [T]he exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of

accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

*United States v. Jennings*, 599 F.3d 1241, 1253 (11th Cir. 2010); *see* U.S.S.G. § 3B1.1, comment. (n.4).

It is not required, however, that all these considerations exist in any one case. *Ramirez*, 426 F.3d at 1356. Moreover, the defendant "does not have to be the sole leader or kingpin of the conspiracy in order to be considered an organizer or leader within the meaning of the Guidelines." *United States v. Vallejo*, 297 F.3d 1154, 1169 (11th Cir. 2002). For the enhancement to apply, the defendant must only have been the organizer or leader of at least one other participant. *Jennings*, 599 F.3d at 1253; *see* U.S.S.G. § 3B1.1, comment. (n.2). A defendant's subordinate role to another conspirator does not absolve him of the supervisory role he played in the conspiracy. *See United States v. Jones*, 933 F.2d 1541, 1546-47 (11th Cir. 1991) (affirming an enhancement under U.S.S.G. § 3B1.1(b)).

The evidence supports the district court's determination that Bush was an organizer or leader of the criminal group: Bush satisfies many of the six factors. *See Jennings,* 599 F.3d at 1253. Bush received a greater portion of the proceeds and helped recruit runners. The runners reported to both Bush and Bolton for their assignments, and Bush gave instructions to the runners about where to cash the checks. Bush helped secure the stolen identities that the runners would assume to

5

cash the checks.  He also provided key advice to Bolton on how to plan and organize the check fabrication and the check cashings to help the criminal activity run more effectively.  That Bush was not the only leader does not preclude the use of the enhancement.  *See Vallejo,* 297 F.3d at 1169.

Accordingly, the district court did not clearly err when it imposed the four-level enhancement for being an organizer or leader.

**AFFIRMED.**