[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13754
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00287-LMM-JFK-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATRINA NICOLE WILSON,
a.k.a. Trina,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 31, 2019)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Katrina Nicole Wilson appeals her 96-month sentence for cocaine trafficking conspiracy, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and accepting bribes, in violation of 18 U.S.C. § 201(b)(2).  She argues that the district court erred in applying a two-level aggravated-role enhancement under U.S.S.G. § 3B1.1(c), contending that, even though she recruited others into the conspiracy, she did not exert the necessary degree of control over her codefendants to be an "organizer, leader, manager, or supervisor" in the conspiracy.

When reviewing the district court's findings concerning Guidelines issues, we consider legal issues *de novo*, factual findings for clear error, and the application of the Guidelines to the facts with due deference, which is akin to clear error review.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (citation omitted).  The district court's determination that a defendant had an aggravating role in the offense is reviewed for clear error.  *United States v. Bueno-Sierra*, 99 F.3d 375, 380 (11th Cir. 1996) (per curiam).

To be clearly erroneous, a finding must leave us "with a definite and firm conviction that a mistake has been committed."  *Rothenberg*, 610 F.3d at 624 (citation and quotations omitted).  A factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (per curiam).

2

The Guidelines provide that a defendant's base offense level is increased by two where the defendant was an organizer, leader, manager, or supervisor of the offense.  U.S.S.G. § 3B1.1(c).  Factors to consider in determining whether a defendant was an organizer or leader include the

> (1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others.

*United States v. Rendon*, 354 F.3d 1320, 1331–32 (11th Cir. 2003) (citing U.S.S.G. § 3B1.1, cmt. n.4).  Not all of these factors must be present to warrant the enhancement, but there must be "some authority in the organization, the exertion of some degree of control, influence, or leadership."  *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (citation and quotations omitted).

To be clear, though, we have held that "the assertion of control or influence over only one individual is sufficient to support a § 3B1.1(c) enhancement." *United States v. Jiminez*, 224 F.3d 1243, 1251 (11th Cir. 2000) (holding that application of the enhancement was not clearly erroneous where an individual had to consult with the defendant before agreeing to sell drugs and that the individual did consult with the defendant when discussing drug transactions).  Likewise, in *United States v. Ndiaye*, we rejected a defendant's contention that he was a mere intermediary, holding instead that he exercised authority in the organization by

3

recruiting and instructing his co-conspirators.  434 F.3d 1270, 1304 (11th Cir. 2006) (addressing the role enhancement under U.S.S.G. § 3B1.1(a)).

Here, because Wilson objected only to the applicability of the role enhancement, she admitted the factual statements in the PSI, and the government was not required to present additional evidence to prove those statements.  *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam) (citation omitted) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.").  Turning to the seven factors, the first and sixth factors are not implicated by Wilson's conduct.  As to the nature of her participation—the second factor—she recruited individuals to join the conspiracy, arranged for the substitution of co-conspirators, coordinated a co-conspirator's deliveries, and discussed the readiness of one of her recruits.  As to the third factor, it is undisputed that Wilson recruited others, and as to the fourth factor, it is undisputed that Wilson received a share of the money paid to her recruits.  The evidence relevant to Wilson's degree of participation in planning or organizing the offense—the fifth factor—is similar to the evidence that reveals the nature of her participation: She substituted co-conspirators, coordinated one co-conspirator's activities, and advised the distributor of a recruit's readiness to participate.  Although Wilson contends that she lacked control over her codefendants—the seventh factor—the district court could reasonably interpret the evidence as

4

showing that she coordinated her recruits' activities.  Because the record supports

the conclusion that Wilson recruited and coordinated the activities of others, the

district court's imposition of the role enhancement was not clearly erroneous, and

we affirm.

**AFFIRMED.**