[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12455
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60225-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NEIL TIMOTHY AHO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 27, 2019)

Before ED CARNES, Chief Judge, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Neil Timothy Aho appeals his conviction and sentence for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). He contends that the district court erred in denying his motion to withdraw his guilty plea and in applying a two-level sentencing enhancement for obstruction of justice.

I.

In September 2015 a grand jury indicted Aho for knowingly distributing, receiving, and possessing child pornography after four government investigations uncovered significant electronic evidence that Aho distributed pornography through a file sharing program. Aho retained Michael Salnick to represent him. In February 2016 Aho agreed to plead guilty to distributing child pornography in exchange for the dismissal of the other charges. The plea agreement stipulated that Aho was aware that his sentence would be "imposed by the court after consideration of the Federal Sentencing Guidelines" and that "any estimate of the probable sentencing range" was a prediction, not a promise.

At his plea hearing Aho affirmed that he had read and discussed the plea agreement with Salnick before signing it; that he had not been threatened or coerced to accept the agreement; that he understood that the statutory minimum was five years imprisonment and the statutory maximum was twenty years; that the court could impose any sentence up to the maximum, and that Aho could not withdraw his plea based solely on the sentence imposed. When asked by the

2

magistrate judge if he discussed the advisory Sentencing Guidelines with his attorney, Aho answered, "Cursorily, yes."  The magistrate judge followed up by asking him, "You have?" and Aho answered, "Yes."

In the following two months Aho wrote three pro se letters to the district court alleging that he was coerced to plead guilty and asking to withdraw his plea. The court later granted Aho's motion to dismiss Salnick as counsel and appointed a federal public defender.  In April 2016 Aho moved to withdraw his plea.  At the hearing on the motion to withdraw Salnick testified: that he reviewed with Aho the discovery that the government had provided; that he explained to Aho that the guidelines were advisory and would govern his sentence; that guidelines scores were high in child pornography cases and that Aho would likely receive a high score resulting in a sentence well over the five-year minimum; that Aho would receive a number of enhancements under the guidelines; that Salnick met with Aho about two weeks before his plea hearing to answer a question Aho had sent via email about an amendment to the guidelines that added a mens rea requirement; and that Salnick discussed the possibility of hiring a digital forensic expert with Aho but concluded that it would be expensive and would likely only strengthen the government's case.

At the hearing Aho testified that he and Salnick discussed only minimum and maximum sentences and there was "nothing said about guideline impact"; that

Salnick did not once use the word "guidelines" with him and he only learned of the guidelines after his plea; and that he learned after his plea that there were amendments to the guidelines dealing with child pornography distribution. During cross-examination Aho claimed he did not remember what he meant when he sent an email before pleading guilty asking whether "a change to sentencing going into effect Aug 1" impacted his case. The government proffered two exhibits showing that Salnick recorded that he had spent three-and-a-half hours discussing discovery and the guidelines with Aho on December 19, 2015.

The district court denied Aho's motion to withdraw. In its findings of fact and conclusions of law the court credited Salnick's testimony, writing that Aho's testimony was "completely lacking in credibility." An amended presentencing investigation report recommended a two-level enhancement for obstruction of justice because of statements Aho made during the hearing on his motion to withdraw. Because of this additional enhancement and because Aho no longer received a reduction for accepting responsibility, the PSR calculated a total offense level of 39 and a criminal history category of I. This resulted in a guideline sentence of the statutory maximum of 240 months. See United States Sentencing Guidelines § 5G1.1(a) (Nov. 2016).

At sentencing the district court found Aho was not entitled to a reduction for acceptance of responsibility and overruled his objections to the obstruction

4

enhancement because the court found that he made false statements: (1) that he did not consult with Salnick regarding the guidelines, and (2) that Salnick never reviewed the discovery with him in detail.  The court said that although Aho had "foolishly" lied to try to withdraw his plea and his guideline range increased from 151–188 months to 240 months, it would vary his sentence downward to 204 months because Aho had not produced the child pornography.

## II.

Aho first contends that the district court erred in denying his motion to withdraw his guilty plea.  We review the denial of a motion to withdraw a guilty plea only for abuse of discretion and reverse the district court's decision only if it is "arbitrary or unreasonable."  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006) (quotation marks omitted).

A defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  "In determining whether a defendant has shown a fair and just reason, the district court evaluates the totality of the circumstances, including[:] (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government

would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (quotation marks omitted).

"The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." Brehm, 442 F.3d at 1298 (quotation marks and brackets omitted). When the testimony of two witnesses directly conflict, we credit the district court's choice of which one to believe unless that choice is based on evidence that "is so inconsistent or improbable on its face that no reasonable factfinder could accept it." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

Here the district court did not abuse its discretion in denying Aho's motion to withdraw his guilty plea. In concluding that Aho had close assistance of counsel, the district court credited Salnick's testimony that he had discussed the guidelines with Aho on multiple occasions. Aho testified that Salnick did not adequately explain how the guidelines would apply to his case, putting particular emphasis on his statement at his plea hearing before the magistrate judge that Salnick had discussed the guidelines only "cursorily" with him. But we must defer to the district court's decision to credit Salnick's testimony over Aho's because based on a reading of Salnick's detailed testimony and records that choice was not "so improbable on its face that no reasonable factfinder could accept it." Id. Aho

also argues that he did not receive close assistance of counsel because Salnick did not hire a forensic computer expert or inform Aho of a change to the guidelines that added a mens rea element to his distribution enhancement. But the district court reasonably credited Salnick's testimony that hiring an expert would have been expensive and would have only made the government's case stronger. And Aho cites no authority to support the proposition that Salnick was obligated to inform him of prospective guidelines amendments that were not in effect at the time of his guilty plea. In any event, Aho received the benefit of the mens rea amendment because his sentencing was delayed for two years.

Aho's plea was also knowing and voluntary because the magistrate judge conducted an extensive Rule 11 inquiry before accepting it. Aho argues that his plea was not knowing and voluntary because Salnick told him that he would receive a significantly lower sentence. But the reason that Aho's offense level was significantly higher than Salnick initially expected was Aho's decision to try to withdraw his plea, which caused him to lose a three-level reduction for acceptance of responsibility and gain a two-level enhancement for obstruction of justice. And Aho's plea agreement, which the magistrate judge verified that Aho understood, unambiguously provided that the ultimate sentence imposed might differ from any estimates provided by Aho's counsel.

7

The district court also properly determined that proceeding to trial would not conserve judicial resources and would prejudice the government.  So we cannot say that the district court's decision to deny Aho's motion was arbitrary or unreasonable.  See Brehm, 442 F.3d at 1298.

### III.

Aho also contends that the district court erred in applying a two-level enhancement for obstruction of justice.  "In reviewing the district court's imposition of an obstruction-of-justice sentencing enhancement, we review the district court's factual findings for clear error and we review its application of the factual findings to the sentencing guidelines de novo."  United States v. Doe, 661 F.3d 550, 565 (11th Cir. 2011).

A two-level obstruction-of-justice enhancement is warranted if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and the obstruction related to the offense of conviction, any relevant conduct, or a closely related offense.  United States Sentencing Guidelines § 3C1.1 (June 2018).  Covered conduct includes "committing, suborning, or attempting to suborn perjury."  U.S.S.G. § 3C1.1, cmt. n.4(b).  A defendant commits perjury when he gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a

8

result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).

The district court did not clearly err in determining that Aho's testimony was materially false and intended to affect the court's decision about whether to grant Aho's motion to withdraw his plea. While the record does not conclusively show whether Aho's statements contradicting Salnick's testimony were the result of a willful intent to provide false testimony or of confusion, mistake, or faulty memory, we cannot find the factfinder's choice between two permissible views of the evidence clearly erroneous. See United States v. Saingerard, 621 F.3d 1341, 1343 (11th Cir. 2010).

Deferring to the district court's decision to credit Salnick's testimony over Aho's, there is sufficient evidence in the record to support the view that Aho willfully misrepresented Salnick's conduct in an attempt to convince the court to grant his motion. For example, while Aho said that he had not reviewed the guidelines with Salnick in detail, Salnick testified that they had reviewed them "a number of times," that he had explained the four enhancements Aho might receive, and that he advised Aho that he was going to "score high." And while Aho said that Salnick flipped through 400 or 500 pages of discovery with him for about 15 minutes on one occasion, Salnick testified that he "went over all the discovery" with Aho and Salnick's case files reflected that he discussed discovery with Aho

9

for three and a half hours on December 19, 2015.  So the district court did not

clearly err in reaching the factual findings it relied on to impose the enhancement.

    **AFFIRMED.**