[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12578

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

D'ANTHONY M. DILLARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cr-00232-ECM-SMD-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

D'Anthony Dillard appeals his 27-month sentence after pleading guilty to escaping from custody, in violation of 18 U.S.C. § 751(a).  He argues that the district court erred in applying a five-level enhancement for the threatened use of force against a person during an escape, *see* U.S.S.G. § 2P1.1(b)(1), and that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing purposes identified in 18 U.S.C. § 3553(a). Following a review of the record and the parties' briefs, we affirm.

I

Under § 2P1.1(b)(1), a five-level enhancement applies when an escape involves the "the use or threat of force against any person."  The application notes explain that if bodily injury results from the use or threat of force, an upward variance may be warranted.  *See* § 2P1.1, comment. (n. 4) (emphasis added).

Factual findings underlying the application of an enhancement are reviewed for clear error.  *See United States v. Williams*, 527 F.3d 1235, 1247 (11th Cir. 2008).  Generally speaking, we defer to a district court's credibility determination "unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it."  *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

Here the district court found, after considering evidence presented by both sides, that Mr. Dillard had threatened to use force against another person.  It credited the testimony of a police officer who explained that Mr. Dillard—after being surrounded—shifted his car into reverse, looked back, accelerated, and ran into a truck occupied by another officer with enough force to "jolt" that officer in his seat.  We acknowledge that Mr. Dillard presented contrary evidence, such as the testimony of Charlandra Washington, but that does not make the district court's credibility assessment clearly erroneous.  A factual finding is not clearly erroneous when the factfinder chooses between two permissible views of the evidence. *See United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).  On this record, we are not "left with a definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).

## II

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

A district court must make an individualized assessment to determine an appropriate sentence. *See Gall*, 552 U.S. at 50. And it must impose a sentence that is sufficient, but not greater than necessary, to comply with the factors and purposes listed in § 3553(a)(2). These include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* § 3553(a)(2); *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). A court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* § 3553(a)(1).

Significantly, a district court need not weigh each factor equally, but instead may give great weight to one factor over the others. *See Rosales-Bruno*, 789 F.3d at 1254. Absent clear error, we will not reweigh the § 3553(a) factors ourselves. *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). Nonetheless, a district court should not focus on one factor "single-mindedly" to the detriment of other factors, and a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

Mr. Dillard's advisory guideline range was 27-33 months' imprisonment. The district court denied Mr. Dillard's request for a downward variance and imposed a sentence at the bottom of the

21-12578                    Opinion of the Court                    5

guidelines range. The court found that Mr. Dillard's criminal history category of V was accurate and reflected the seriousness of the crimes committed. It also explained that Mr. Dillard had chosen to violate the law every day that he had stayed away from the residential re-entry center from which he had absconded. And it said that it had considered the arguments of the parties and the § 3553(a) factors.

Under the circumstances, including the fact that Mr. Dillard had threatened the use of force against one of the police officers, we cannot say that the district court abused its discretion. We expect that a sentence within the guideline range will be reasonable, *see United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009), and Mr. Dillard has not convinced us that his bottom-of-the-range sentence was unreasonable.

### III

We affirm Mr. Dillard's sentence.

**AFFIRMED.**