**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10004
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DARROL TREMAYNE FOGGY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00215-ECM-JTA-1

_____

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Darrol Tremayne Foggy appeals his sentence of 41 months' imprisonment for illegal possession of a machinegun. On appeal, Foggy argues that the district court erred in applying a four-level

enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for possessing a firearm "in connection with" another felony offense. After careful review, we affirm.

We review a district court's legal interpretations of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). A district court's finding that a defendant possessed a firearm "'in connection with'" another felony offense is reviewed for clear error. *United States v. James*, 135 F.4th 1329, 1332 (11th Cir. 2025). A factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence. *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).

When a defendant challenges one of the factual bases of his sentence, the government has the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Little*, 864 F.3d 1283, 1290 (11th Cir. 2017). This burden must be satisfied with reliable and specific evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). The preponderance of the evidence standard requires only that the trier of fact believes that the existence of a fact is more probable than its nonexistence. *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004). To meet this standard, the evidence submitted to prove the existence of the fact in question must bear some indicia of reliability. *Id.*

For offenses involving the unlawful possession of firearms, the Sentencing Guidelines provide for a four-level increase to the offense level if a defendant used or possessed any firearm "in

connection with" another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The commentary to § 2K2.1 states that subsection (b)(6)(B) applies if the firearm "facilitated, or had the potential of facilitating, another felony offense." *Id.*, comment. (n.14(A)).

We've concluded that the text of § 2K2.1(b)(6)(B) is unambiguous, so we need not consider or defer to the relevant Guidelines commentary. *James*, 135 F.4th at 1334, 1336. In giving the term "in connection with" its ordinary and natural meaning, we have interpreted the Guideline expansively, turning on "the firearm's potential to facilitate the other offense," which means that "a person possesses a firearm 'in connection with' another offense if the firearm possession is contextually, causally, or logically related to that offense." *Id.* at 1334–35. Thus, a "connection exists where the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred." *Id.* at 1335 (citation modified). Further, the fact that the firearm was a "'fruit and not an instrument of the crime'" does not mean that the firearm is not connected to the offense. *Id.*

Under Alabama state law, one commits the offense of receiving stolen property when he intentionally receives, retains or disposes of stolen property knowing or having reasonable grounds to believe it has been stolen, unless it is done with the intent to restore it to the owner. Ala. Code § 13A-8-16(a). Additionally, if a person possesses "recently stolen" goods or property, it is prima facie

evidence that there is requisite knowledge or belief.    *Id.* § 13A-8-16(b)(2)–(3).

Here, the district court did not clearly err in applying a four-level enhancement under § 2K2.1(b)(6)(B) for possession of a firearm "in connection with" the offense of receiving stolen property. For starters, the government met its burden to prove by a preponderance of the evidence that Foggy committed another felony offense, specifically, receiving stolen property under Alabama law. According to the facts in the presentence investigation report ("PSI"), which Foggy generally did not dispute, Montgomery County Sherriff's Office deputies began following a stolen 2010 Chevrolet Traverse on December 14, 2023. After a short vehicle pursuit, the driver of the vehicle stopped in the middle of the road. Foggy was the driver. On the driver side floorboard was a Glock extended magazine, while a stolen Glock pistol sat on the passenger side floorboard with an attached machinegun conversion device. Foggy admitted the firearm was his, and he was aware it had been converted to fire automatically. As for the vehicle, Foggy said he'd received it from four people whose names he did not know, though he was loosely familiar with them. He claimed he did not know where the Traverse was from and did not know it was stolen.

In deciding whether Foggy had committed the Alabama stolen property felony offense, the district court analyzed the facts presented in the PSI -- including that unidentified individuals had provided Foggy a vehicle to use, he did not know their names, he used the vehicle without providing anything in return, he possessed a

firearm with a machinegun conversion device, and he fled from the police when they attempted a traffic stop. On this record, the court reasonably determined that when viewed in totality, there was enough to find, by a preponderance of the evidence, that Foggy knew or should have reasonably believed he was possessing a stolen vehicle. While Foggy claimed he merely borrowed a vehicle from individuals for a limited period to drive to get food, the district court's interpretation of the evidence was more than permissible, especially since Foggy came into possession of the vehicle under suspicious circumstances and, perhaps most importantly, he fled from police. In addition, under Alabama law, Foggy's possession of the Traverse, which had been "recently stolen" just 36 hours earlier, was prima facie evidence that he had the requisite knowledge or belief that it was stolen. *Id.* § 13A-8-16(b)(2)–(3). The district court did not clearly err in finding that Foggy knew or should have known the vehicle was stolen. *See Saingerard*, 621 F.3d at 1343.

Moreover, the government met its burden of proving by a preponderance of the evidence that Foggy's possession of the firearm was "in connection with" the other felony offense of possession of a stolen vehicle. It is undisputed that Foggy possessed a firearm in the stolen vehicle. While Foggy argues that his possession of the firearm and the stolen vehicle were unconnected, we've held that the fact that the firearm was a "'fruit and not an instrument of the crime'" does not mean that the firearm was not connected to the offense. *James*, 135 F.4th at 1335. Further, in this case, the record supported the reasonable inference that the firearm had

the "potential" to have "emboldened" Foggy during the commission of the car theft and to maintain control of the stolen vehicle. *Id*. at 1334–35. The record also supported the reasonable inference that the firearm potentially emboldened him to flee in his stolen car from law enforcement.

In short, the government proved by a preponderance of the evidence that Foggy committed the felony offense of receiving stolen property under Alabama state law and that he possessed the firearm in connection with his receipt of a stolen vehicle. Accordingly, the district court did not clearly err in applying a four-level enhancement under § 2K2.1(b)(6)(B), and we affirm.

**AFFIRMED.**