**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10642

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

D'EANTE CORKER,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cr-00089-BJD-MCR-1

————————————

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

D'eante Corker appeals his conviction for possession of a firearm as a convicted felon, challenging the district court's denial of his motion to suppress evidence obtained from a search of his

vehicle following a traffic stop.  He argues that the police unlawfully prolonged the traffic stop for a canine sniff that led to the discovery of evidence on which his conviction was based.  We disagree and affirm.

## I.

In evaluating the denial of a motion to suppress, we review the district court's factual findings for clear error, construing the facts in the light most favorable to the prevailing party below, and its legal conclusions de novo.  *United States v. Newsome*, 475 F.3d 1221, 1223–24 (11th Cir. 2007).  A factual finding is clearly erroneous when based on all the evidence we are "left with the definite and firm conviction that a mistake has been committed."  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (quotation omitted).  "The individual challenging the search bears the burdens of proof and persuasion."  *Newsome*, 475 F.3d at 1224 (quotation omitted).

## II.

Under the Fourth Amendment, a traffic stop is a seizure that must be justified by reasonable suspicion.  *United States v. Campbell*, 26 F.4th 860, 880 (11th Cir. 2022) (en banc); *see* U.S. Const. amend. IV.  The lawful duration of a detention for a traffic violation is limited to the time reasonably required "to address the traffic violation that warranted the stop and attend to related safety concerns."  *Rodriguez v. United States*, 575 U.S. 348, 354 (2015).  Authority for the detention ends "when tasks tied to the traffic infraction are—or reasonably should have been—completed."  *Id.*  If an officer diverts

from the purpose of the stop to conduct an unrelated investigation such as a canine sniff, the detention remains lawful only if the officer has reasonable suspicion to justify the additional investigation or if the diversion does not prolong the traffic stop. *Id.* at 354–55.

Corker's appeal challenges two of the district court's factual findings: (1) that the deputy who conducted the traffic stop did not prolong the stop by calling on his radio for a K-9 unit because he made that call "concurrently with routine police groundwork" and the deputy's reasonable "roadside preparation process" before getting out of his patrol car to approach Corker; and (2) that the canine sniff did not prolong the stop because it was completed before the deputy finished writing the traffic citation. These findings were not clearly erroneous because they were amply supported by evidence presented at the hearing on the motion to suppress.

*First*, the district court's finding that the deputy's request for a K-9 unit was made simultaneously with routine traffic-stop activities is supported by the deputy's testimony and police communication logs that were entered into evidence at the evidentiary hearing. Deputy Karpinski testified that he requested the K-9 unit sometime between when he called in the traffic stop to the dispatcher and when the dispatcher noted that the K-9 unit was en route about a minute later. He explained that he called in the traffic stop after pulling up behind Corker's vehicle at a red light and observing his malfunctioning tag and brake lights. He activated his emergency lights after the traffic light turned green, he said, and Corker drove a safe distance past the intersection and then pulled

over near a bar called 57 Heaven.  The deputy pulled over behind him and got out of his patrol car, calling in his final location at 57 Heaven as he did so.

Dispatch logs admitted at the evidentiary hearing confirmed that Karpinski initiated the traffic stop at the intersection of Blanding Boulevard and Wells Road just after 2:14 a.m. and entered additional information about Corker and his vehicle ten seconds later.  About one minute after that, the dispatcher noted that the K-9 unit had been dispatched and was en route.  And about 15 seconds after that, the dispatcher logged Karpinski's new location at 57 Heaven.  It seems likely that the one- or two-second request for a K-9 unit[1] overlapped with the stop-related tasks Karpinski was engaged in during the short interval between calling in the stop and getting out of his vehicle—waiting for the light to change at Blanding Boulevard, entering driver and vehicle information on his computer, activating his lights, following Corker through the intersection and a block further along Wells Road, and pulling over and parking behind Corker's vehicle.  The district court's finding to that effect was not clearly erroneous.

*Second*, granting due deference to the district court's credibility determinations, its finding that the canine sniff was completed before Karpinski finished the traffic citation is also not clearly erroneous.  *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the

---

[1] According to the K-9 handler, Karpinski would have said something like, "K-95, could you be 51?"

province of the fact finder.").  The K-9 handler testified that he arrived at the scene within five minutes after being dispatched, as noted on the dispatch radio log, and that the canine sniff took less than five minutes after he arrived—meaning that it was complete by about 2:25 a.m.  Deputy Karpinski testified that he was still working on the traffic citation when the K-9 handler told him that his dog had alerted to drugs at the driver's door of Corker's vehicle.  He also testified that he finished the citation at 2:26 a.m., which was the time printed on the citation.  The district court did not clearly err in accepting the deputies' version of events, even though several defense witnesses testified that the K-9 unit did not arrive until long after Karpinski issued the traffic citation.  *See id.*; *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quotation omitted)).

### III.

The district court did not clearly err in determining that neither the call for the K-9 unit nor the canine sniff prolonged the traffic stop beyond the time reasonably required for the deputy to conduct his routine, traffic-stop-related investigation and issue the warning citation.  Because the canine sniff did not illegally prolong the traffic stop, the district court correctly denied Corker's motion to suppress evidence obtained as a result of the canine sniff and the

6                          Opinion of the Court                      25-10642

subsequent search.  We therefore affirm Corker's conviction and sentence.

**AFFIRMED.**