[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10074
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00029-RH-MJF-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEVAUGHN WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 31, 2020)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jevaughn Williams appeals his 30-month sentence for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud.  Williams argues that the district court incorrectly calculated his guideline range because it erroneously applied enhancements for a substantial portion of the conspiracy taking place outside the United States and for there being vulnerable victims and it failed to give him a guidelines reduction for having a minor role in the conspiracy.  After careful review, we affirm.

## I.

We review the district court's interpretation of the sentencing guidelines *de novo* and its determinations of fact for clear error.  *United States v. Duperval*, 777 F.3d 1324, 1331 (11th Cir. 2015) (reviewing the district court's determination that a substantial part of the scheme took place outside the United States for clear error).  In order to be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed."  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted).  However, a factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence.  *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010).  "The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to

2

support a sentencing enhancement." *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).

Under § 2B1.1(b)(10)(B) of the sentencing guidelines, a defendant is subject to a two-level enhancement to his base offense level if "a substantial part of a fraudulent scheme was committed from outside the United States." U.S.S.G. § 2B1.1(b)(10)(B).

When determining if a substantial portion of the fraud took place outside the United States, we look at the overall scheme itself, not just the individual conduct of the participants. *United States v. Singh*, 291 F.3d 756, 761 (11th Cir. 2002) (addressing the previous version of the rule under § 2F1.1(b)(6) containing the same relevant language as the present provision under § 2B1.1(b)(10)(B)). This is in large part because the actions of co-conspirators can be imputed to each of the other conspirators, so long as their actions were within the scope of the agreed conspiracy. *Id.* The scheme does not need to originate from outside the United States, and the defendant does not need to take action outside the United States for the enhancement to apply. *Id.*

Although Williams himself operated within the United States, there were at least two unindicted co-conspirators operating in Jamaica who made calls to victims in the United States, coordinated how and where the money should be sent, and coordinated the efforts of Williams and the other conspirators. We therefore find

3

that the district court did not clearly err by applying the enhancement because the scheme was orchestrated in Jamaica.

## II.

The application of the vulnerable-victim enhancement is a mixed question of law and fact that we review *de novo*, but we will only reverse the district court's factual finding that a victim was vulnerable if it is clearly erroneous. *United States v. Mathews*, 874 F.3d 698, 706 n.4 (11th Cir. 2017).

The vulnerable victim enhancement applies when an offense involves a vulnerable victim and the defendant knew or should have known of the vulnerability. U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is one "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* § 3A.1.1, comment. n.2. "The adjustment should be applied only when the defendant selects his victim due to the defendant's perception of the victim's vulnerability to the offense." *United States v. Day*, 405 F.3d 1293, 1296 (11th Cir. 2005) (quotation marks omitted). Not all of the victims need to be vulnerable to properly apply the enhancement, but rather, "[i]t is enough if the defendant targeted any of the victims because of their unusual vulnerability." *Id.* (quotation marks omitted).

In *Day*, we determined that a person who is repeatedly targeted for fraud is "particularly susceptible" to fraud and therefore a vulnerable victim under U.S.S.G.

4

§ 3A1.1(b). *United States v. Day*, 405 F.3d 1293, 1296 (11th Cir. 2005). Additionally, "[i]n fraud cases, the repeated targeting of a victim, a practice called 'reloading,' constitutes evidence that the defendant knew the victim was particularly vulnerable to the fraud scheme." *Id.*

Here, the victims were repeatedly targeted by Williams and his co-conspirators. Because this is evidence both that the victims were vulnerable and that Williams and his co-conspirators knew, we conclude that the district court did not clearly err by applying an enhancement for vulnerable victims.

## III.

Lastly, we review the district court's determination of a defendant's role for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The district court's determination of the defendant's role in the offense generally will not be clear error "so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation marks and alterations omitted). Additionally, the defendant has the burden to prove by a preponderance of the evidence that a reduction is warranted. *Id.*

Under U.S.S.G. § 3B1.2, a defendant may receive a two-level reduction in his offense level if he was a "minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). In assessing the defendant's role under § 3B1.2(b), the district court

should consider: (1) the defendant's role in the relevant conduct for which he has been held accountable at sentencing; and (2) his role compared to that of the other participants in his relevant conduct. *Cruickshank*, 837 F.3d at 1192. The court also considers:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.

*Id.* at 1193 (quoting U.S.S.G. § 3B1.2(b), comment. n. 3(C)).

Here, Williams received money from several victims, personally interacted with unindicted co-conspirators in Jamaica, and attempted to bring another person into the conspiracy. Because his actions were interchangeable with those of the other co-conspirators, the district court did not clearly err by determining that he was not a minor participant in the conspiracy.

**AFFIRMED.**

6