[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10854

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN ROBERT GERTHOFFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cr-00097-LCB-HNJ-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Justin Gerthoffer appeals his sentence of 71 months for possessing a firearm as a convicted felon. Gerthoffer argues that his sentence was procedurally and substantively unreasonable because the district court failed to adequately explain the sentence or that it had considered the 18 U.S.C. § 3553(a) factors. Gerthoffer also argues that the district court erred in applying a four-level increase pursuant to U.S. Sentencing Guideline § 2K2.1(b)(6)(B) because he didn't possess the firearm in connection with another felony offense.

## I.

Because Gerthoffer didn't object to the procedural unreasonableness of his sentence, we review his challenge now for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). To establish plain error, the appellant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* at 822. For us to correct a plain sentencing error, the defendant must establish that there is a reasonable probability that, but for the error, he would have received a lesser sentence. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006). If a defendant satisfies the first three prongs of the plain error test, we have the authority to correct the plain errors but are not

required to do so.  *United States v. Olano*, 507 U.S. 725, 735–36 (1993).

The district court is not required to discuss or explicitly state that it considered each of the § 3553 factors.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  An acknowledgement that it considered them is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  Similarly, a district court "need not exhaustively analyze every factor."  *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021).  We have held that although the district court failed "to explicitly articulate that it had considered the § 3553(a) factors," a sentence can still be reasonable if the court "consider[ed] a number of the sentencing factors" "by virtue of the court's consideration of [the defendant's] objections and his motion for a downward departure."  *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

We examine the substantive reasonableness of a sentence "in light of the totality of the circumstances and the § 3353(a) factors."  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  We will vacate the defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation marks omitted). Appellate courts may, but are not required to, apply a presumption of reasonableness for sentences within the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Gerthoffer's argument that the district court procedurally erred by failing to establish that it considered the § 3553(a) factors does not survive plain-error review. The court arguably erred by failing to acknowledge a consideration of the § 3553(a) factors when issuing the sentence. *Turner*, 474 F.3d at 1281; *cf. Rita v. United States*, 551 U.S. 338, 358 (2007) (applying a presumption of reasonableness for within-Guidelines ranges and affirming a "brief but legally sufficient" statement of reasons at sentencing). The court implicitly considered the factors, however, in its consideration of Gerthoffer's objection to the four-level enhancement, which turned on whether Gerthoffer possessed a firearm in furtherance of another felony and required some consideration of the nature and the circumstances of the offense. Moreover, even if there was an error and that error was plain, Gerthoffer did not establish that there was a reasonable probability that but for the court failing to consider the § 3553(a) factors, he would have been given a different sentence. *Arias-Izquierdo*, 449 F.3d at 1190.

Additionally, the district court did not abuse its discretion and issue a substantively unreasonable sentence. The district court properly calculated the guideline range, and because the sentence

was within that guideline range, this Court may presume it to be reasonable. *Gall*, 552 U.S. at 51.

## II.

When reviewing the district court's findings with respect to guidelines issues, we consider legal issues *de novo*, factual findings for clear error, and the court's application of the Guidelines to the facts with due deference, which is akin to clear-error review. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). A factual finding cannot be clearly erroneous when the factfinder is choosing between two permissible views of the evidence. *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (quoting *Arias-Izquierdo*, 448 F.3d at 1278).

The Guidelines provide for a four-level enhancement, or an automatic increase to level 18 if the resulting offense level is below 18, if the defendant possessed the firearm or ammunition "in connection with another felony offense," or transferred or possessed any firearm or ammunition with the knowledge, intent, or reason to believe that it would be used or possessed in connect with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The phrase "another felony offense" is defined as "any offense (federal, state, or local) punishable by imprisonment for a term of more than one year, whether or not the defendant was charged with that offense." *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007). The firearm need not directly facilitate the underlying offense to be possessed "in connection with" the offense. *United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002).

The district court did not clearly err by finding that Gerthoffer possessed the firearm in connection with another felony offense. Because Gerthoffer does not contest that assault is a felony—and it was plausible that Gerthoffer was not acting in self-defense—it cannot be clearly erroneous that the district court found that he possessed the firearm in connection with another felony offense.

**AFFIRMED.**