[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12218

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWARD TREISBACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:14-cr-00027-RWS-JCF-1

_____

Before JORDAN, NEWSOM, AND ANDERSON, Circuit Judges.

PER CURIAM:

In 2015, a federal jury convicted Edward Treisback of two child pornography offenses, and the district court sentenced him to a total of 100 months' imprisonment followed by 10 years of supervised release. The conditions of supervised release required, among other things, that Mr. Treisback report to the probation office in the district to which he was released within 72 hours, and that he register as a sex offender in any state in which he resides, works, is a student, or was convicted of a qualifying offense. *See* D.E. 82 at 3–5. The district court found in 2023 that he failed to comply with these conditions (among others) and revoked his supervised release.

Mr. Treisback appeals that decision on two grounds. First, he asserts that the district court clearly erred in finding that he did not report to the requisite probation office within 72 hours of release, because the government did not present any evidence regarding whether he reported in the Northern District of Florida (where he was released) as opposed to the Northern District of Georgia (his supervision jurisdiction). Second, he asserts that the district court clearly erred in finding that he did not register as a sex offender, because the government only put forth evidence that he failed to register as a sex offender in Georgia as opposed to North Carolina. We affirm.

## I

We review a district court's revocation of supervised release for abuse of discretion. *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). But we review the district court's factual findings only for clear error. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). To be clearly erroneous, the finding of the district court must leave us with a "definite and firm conviction that a mistake has been committed." *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Saingerard*, 621 F.3d 1341, 1343 (11th Cir. 2010) (quotation marks omitted). Although a district court is permitted to draw reasonable inferences from the evidence, it cannot make factual findings based on speculation. *See United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).

## II

A term of supervised release may be revoked if the district court finds by a preponderance of the evidence that "the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The preponderance of the evidence standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

## III

Here, Mr. Treisback has failed to show that the district court abused its discretion in revoking his supervised release, or that its revocation was based upon clearly erroneous findings.

Regarding Mr. Treisback's failure to report to probation, the totality of the evidence—including the "Notice of Release and Arrival" and Gail Anderson's testimony—support a reasonable inference that Mr. Treisback failed to report a federal probation office in the Northern District of Georgia within 72 hours of his release from prison, despite knowing that he had been instructed to do so. Although Mr. Treisback contends that he was only required to report to a probation office in the Northern District of Florida, the "Notice of Release and Arrival," which he signed, indicated that he would be released to the community of Clayton, Georgia, and provided him with the addresses of both probation offices in the Northern District of Georgia. Moreover, Ms. Anderson testified that she picked Mr. Treisback up in Coleman, Florida, on the day of his release from prison and immediately drove him to her home in North Carolina, further supporting the district court's finding that Mr. Treisback did not report to probation in either district. Ms. Anderson further testified that she called the probation office in Atlanta on Mr. Treisback's behalf and was instructed that he report to the office immediately. As found by the district court, Mr. Treisback not only failed to do so within 72 hours, but he also failed to report to any office for over three weeks after his release from prison. We are not left with a definite or firm conviction that the district court erred in so finding.

Similarly, the court did not clearly err in finding that Mr. Treisback failed to register as a sex offender. The totality of the evidence supports a reasonable inference that Mr. Treisback never registered as a sex offender in Georgia despite being required to do so based on his residence and/or work in Georgia following his release from prison. The district court's finding was adequately supported by the "Notice of Release and Arrival," Ms. Anderson's testimony regarding Mr. Treisback's living situation, and the testimony of Probation Officer Quiana Whitson.

## IV

Based on the foregoing, the district court did not make clearly erroneous findings and did not abuse its discretion in revoking Mr. Treisback's supervised release. Accordingly, we affirm.

**AFFIRMED.**